NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0432n.06

No. 23-3080

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 11, 2023
DEBORAH S. HUNT, Clerk

DOUGLAS BRUCE,

     Plaintiff-Appellant,

v.

CITY OF MIAMISBURG, OHIO,

     Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

OPINION

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Douglas Bruce sued the City of Miamisburg for demolishing, as public nuisances, two buildings that Bruce had bought but never maintained. The district court granted summary judgment to the City on limitations grounds. We affirm.

We view the evidence in the light most favorable to Bruce. *See Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016). Bruce lives in Colorado Springs and owns about 50 properties in nine states. In 2013, he purchased two buildings in Miamisburg, Ohio, located at 609 and 621 Cherry Hill Drive. Yet he never visited these buildings or hired anyone to maintain them. Over the next few years, the City attempted to send any number of notices to Bruce about the buildings' condition: that their lawns were unmowed, that trash and debris surrounded them, that the buildings had become public nuisances, and eventually that the buildings had been condemned.

In September 2017, the City mailed to Bruce's post-office box in Colorado Springs two notices of the City's intention to demolish the buildings. Those notices were returned as undeliverable, even though Bruce checked that post-office box daily and had used that address for receiving notices regarding his properties for some 36 years. (The City also sent notices of the demolition to Bruce at a Colorado state prison, but apparently he had been released by then.) The City also posted notices of the impending demolition on the building's front doors, and repeatedly published such notices in five local newspapers between September 2017 and April 2018. Yet the City never heard a word from Bruce; and by July 2018 the City had demolished the buildings.

The first time the City did hear from Bruce, apparently, is when he filed this lawsuit, in March 2021, more than two years after the buildings' demolition. Although § 1983 does not specify a limitations period—it borrows them from state law—the parties here agree that the applicable limitations period was two years. *See Beaver St. Invs. v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023). That period began to run when Bruce knew or had "reason to know of the injury which is the basis of his action." *Id*. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (internal quotation marks omitted).

Bruce's suit was timely, therefore, only if he had no reason to know by March 2019 that his buildings had been demolished. We set to one side all the notices that the City sent to Bruce at a post-office box address that Bruce himself testified that he had used daily for 36 years; perhaps a jury could believe that these particular notices somehow did not reach him there. For suffice it to say that by March 2019, as the district court rightly observed, a reasonable property owner— one who made any effort at all to stay apprised of his buildings' condition, for example, and to ensure that they remained in compliance with the municipal code—would have known that, for

the past six months or so, his buildings had lain in heaps of rubble. Bruce's suit was therefore untimely, and the district court was right to grant summary judgment.

The district court's judgment is affirmed.